IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JohnJohn Ferris,

    Plaintiff,

vs.

Billy Woods, in his Official
Capacity as Sheriff of Marion
County, Florida, and Monica Chisholm,
in her Official Capacity, as Human
Resources Director of the Sheriff's
Department of Marion County,

    Defendants.

Docket No. 5:25-CV-543WWBPRL

Jury Trial Requested

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### The Parties

1. Plaintiff, JohnJohn Ferris, is a resident of Ocala, Marion County, Florida. At all relevant times, Plaintiff was employed by the Marion County Sheriff's Office as a Detention Assistant.

2. Defendant, Sheriff Billy Woods, is the Sheriff of Marion County, and at all relevant times was acting in his official capacity as a government employee under color of state law.

3. Defendant Monica Chisholm is the Human Resources Director of the Sheriff's Department of Marion County and at all relevant times was acting in her official capacity as a government employee under color of state law.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331,

as it arises under federal law, specifically the civil rights statute 42 U.S.C. § 1983.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district.

## Factual Allegations

6. On July 31, 2023, Plaintiff was hired by the Marion County Sheriff's Office as a Detention Assistant.

7. At all times, plaintiff acted properly and in conformity with all rules and regulations.

8. On or about November 14, 2023, Plaintiff was constructively discharged. At that time, he was informed by Defendant that he was being placed in lieu of termination by Defendant, Sheriff Billy Woods, and that he was required to resign or face termination.

9. Given the Hobson's choice, chose to resign from his position on November 14, 2023, rather than face termination.

10. At no point before or during this process was Plaintiff provided a pre-resignation hearing or meeting, nor was he given an opportunity to contest the decision or the reasons for the termination.

11. Plaintiff was not provided with notice of the reasons for his placement in lieu of termination, nor was he afforded an opportunity to respond to the allegations made against him before he was effectively forced to resign.

12. Subsequently, Plaintiff attended the police academy where he graduated first in his class and received the prestigious K.C. Alvarez award. Given that distinction, as well as the fact that he had graduated summa cum laude from Central College of Florida, Plaintiff believed that he would have no problem obtaining employment in his desired field.

13. Plaintiff submitted over 20 applications to various law enforcement agencies in Florida and was rejected each and every time.

14. Plaintiff thereafter learned that his personal record was publicly disclosed and contained reasons of a stigmatizing nature. More specifically, it was claimed that Plaintiff was guilty of insubordination and similar conduct.

15. Upon review of the document it was clear that the stigmatizing reasons were just a bunch of conclusions and lacked any factual foundation.

16. Plaintiff demanded a name clearing hearing in accordance with settled law, and brought to defendants' attention controlling Supreme Court and Eleventh Circuit authority. Defendant Monica Chisholm, acting by and with the consent of Defendant Woods, reject the request.

17. Defendants thus have failed and refused to accord the plaintiff the constitutionally mandated hearing.

### Violation of Due Process Rights under 42 U.S.C. § 1983

18. Defendants' actions, as described above, violated Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

19. Plaintiff further asserts his right to a name-clearing hearing, which was denied by the Defendants despite written requests, is a violation of his constitutional rights.

20. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, emotional distress, damage to his reputation, and the denial of future employment opportunities.

21. Defendant is liable under 42 U.S.C. § 1983 for the deprivation of Plaintiff's constitutional rights.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment (a) directing the defendants to afford plaintiff a name-clearing hearing; (b) compensatory damages in an amount to be determined at trial, with appropriate interest; (c) Attorneys' fees and costs incurred in bringing this action; and (d) any other relief the Court deems just and

proper.

Dated: August 27, 2028

JohnJohn Ferris

_____
Plaintiff Pro Se
600 SE 52nd Ave
Ocala, FL 34471-3322
(561) 558-5359
johnjohnferris88@gmail.com