IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JohnJohn Ferris,

    Plaintiff,

vs.

                                        Case No: 5:25-cv-543-WWB-PRL

Billy Woods, in his Official
Capacity as Sheriff of Marion
County, Florida, and Monica Chisholm,
in her Official Capacity, as Human
Resources Director of the Sheriff's
Department of Marion County,

    Defendants.

## MOTION FOR DEFAULT JUDGMENT

Plaintiff JohnJohn Ferris hereby moves the Court pursuant to Federal Rule of Civil Procedure 55(b) and Local Civil Rule 1.10(c) to enter default judgment in favor of plaintiff and against defendants Billy Woods and Monica Chisholm, who were properly served but failed to answer or otherwise defend against the complaint. There is no unresolved issue — such as the liability of

1

another defendant — necessary to entry of the default judgment.

Dated: September 29, 2025         Respectfully submitted,

JohnJohn Ferris

*/s/*

Plaintiff Pro Se
600 SE 52nd Ave
Ocala, FL 34471-3322
(561) 558-5359
johnjohnferris88@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

JohnJohn Ferris,

    Plaintiff,

vs.

                                 Case No: 5:25-cv-543-WWB-PRL

Billy Woods, in his Official
Capacity as Sheriff of Marion
County, Florida, and Monica Chisholm,
in her Official Capacity, as Human
Resources Director of the Sheriff's
Department of Marion County,

    Defendants.

### Declaration in Support of Motion for Default Judgment

JohnJohn Ferris declares:

1. I am the plaintiff in this action.

2. This action was commenced pursuant to 28 U.S.C. § 1331, as it arises under federal law, specifically the civil rights statute 42 U.S.C. § 1983.

3. The time for defendant Billy Woods and Monica Chisholm to answer or otherwise move with respect to the complaint has expired.

4. The time for defendants to answer or otherwise move has not been extended.

1

5. The defendants have not otherwise appeared and are not entitled to notice of this application.

6. The defendants default has been noted by the Clerk of Court. See Doc. No. 11.

7. The defaulting parties are not minors or incompetent persons. Nor are they members of the military service.

8. This action is based upon the failure of the defendants to afford plaintiff a name clearing hearing.

9. On July 31, 2023, I was hired by the Marion County Sheriff's Office as a Detention Assistant. At all times, I acted properly and in conformity with all rules and regulations.

10. On or about November 14, 2023, I was constructively discharged. At that time, I was informed by Defendant that I was being placed in lieu of termination by Defendant, Sheriff Billy Woods, and that I was required to resign or face termination. I was given no time to consider the alternatives or request a subsequent termination date. Nor was I given time to discuss the situation with counsel, such as the unavailability of unemployment insurance. It was resign immediately or be fired.

11. Given the Hobson's choice, I chose to resign from the position on November 14, 2023, rather than face termination.

2

12. At no point before or during this process was I provided a pre-resignation hearing or meeting, nor was I given an opportunity to contest the decision or the reasons for the termination.

13. I was not provided with notice of the reasons for placement in lieu of termination, nor was I afforded an opportunity to respond to the allegations made against me before I was effectively forced to resign.

14. Subsequently, I attended the police academy where I graduated first in the class and received the prestigious K.C. Alvarez award. Given that distinction, as well as the fact that I had graduated summa cum laude from the College of Cental Florida, I believed that I would have no problem obtaining employment in my desired field.

15. I submitted over 20 applications to various law enforcement agencies in Florida and was rejected each and every time.

16. Plaintiff thereafter learned that his personal record was publicly disclosed and contained allegations of a stigmatizing nature. More specifically, it was claimed that I was guilty of insubordination and similar conduct. These accusations are now in a public personnel file under Florida's Sunshine Law.

17. Upon review of the document it was clear that the stigmatizing reasons were just a bunch of conclusions and lacked any factual foundation.

There was never any insubordination and there are no facts to back up the conclusory statements.

18. Plaintiff demanded a name clearing hearing in accordance with settled law, and brought to defendants' attention controlling Supreme Court and Eleventh Circuit authority. See exhibit A attached.

19. I had "out-of-pocket litigation costs." I paid some $3,000 dollars to an attorney on retainer, some of which is currently in dispute. A meeting was scheduled with human resources at which it became evident that there was no substance to the insubordination conclusion.

20. By subsequent email, counsel was advised that no hearing was required because there is no property interest in employment by the sheriff's department, a forced discharge is not an adverse employment decision, and insubordination is not "stigmatizing."

21. Unfortunately, counsel accepted this "explanation" and declined to go forward. Neither my counsel nor counsel for the defendants ever read *Buxton v. City of Plant City*, 871 F.2d 1037 (11th Cir.1989), which I cited in my letter to Defendant Woods.

22. I am, therefore, entitled to a name clearing hearing and attach a proposed order to that effect.

23. Concerning damages, I should be reimbursed for my legal fees and the loss of employment opportunities. Plaintiff respectfully requests an award of one year of salary plus benefits, consistent with comparable law enforcement compensation, as fair damages for lost opportunities.

24. I attach a copy of a recent advertisement from the Pembroke Pines Police Department, an agency to which I applied, which shows a starting salary for a certified officer, which I am, of $71,885.50 plus a signing bonus of $15,000, with pre-judgment and post-judgment interest. I believe this to be fair compensation in this matter as once my name is cleared I will have sufficient opportunities to obtain employment in my chosen field.

WHEREFORE, plaintiff requests that a default judgment be entered in favor of plaintiff and against the defaulting defendants .

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to plaintiff, that no part thereof has been paid, and that

the disbursements sought to be taxed have been made in this action or will necessarily be made or included in this action.

Dated: September 29, 2025

                                      JohnJohn Ferris

                                      */s/ JJF*

                                      Plaintiff Pro Se
                                      600 SE 52nd Ave
                                      Ocala, FL 34471-3322
                                      (561) 558-5359
                                      johnjohnferris88@gmail.com

**JohnJohn Ferris**
**600 SE 52nd Ave**
**Ocala, FL 34471-3322**
**(561) 558-5359**
**johnjohnferris88@gmail.com**

May 27, 2025

Honorable William "Billy" Woods, Sheriff
Marion County Sheriff's Office
Post Office Box 1987
Ocala, Florida 34478-1987

By Certified Mail and Fax Number: (352) 620-7209

Dear Sheriff Woods:

    My applications for employment elsewhere have been denied based upon inaccurate information in my personnel file. I have asked to discuss this with you, but you have rebuffed me.

    Accordingly, as recommended by counsel, I hereby make formal demand for a name clearing hearing in accordance with *Board of Regents v. Roth*, 408 U. S. 564, 573 n. 12 (1972), and *Codd v. Velger*, 429 U.S. 624, 627 (1977) (referring to the hearing required where a nontenured employee has been stigmatized in the course of a decision to terminate his employment is "to provide the person an opportunity to clear his name.") I challenge the substantial truth of the statements made in my personnel record in connection with my termination.

    I call your attention to *Buxton v. City of Plant City*, 871 F.2d 1037 (11th Cir.1989). In that case, the employee, a police officer, was investigated for an alleged assault that occurred during an arrest. *Id.* at 1038. The employee was terminated following an investigation, with the Notice of Termination and Internal Affairs Report placed in the employee's personnel file. *Id.* at 1038-39. Florida law mandated release of the employee's personnel file upon request. *Id.* at 1039 n.2.

    The employee filed a § 1983 action, with pendent state law claims. *Id.* at 1039. The district court granted summary judgment in favor of the employer on the basis that the availability of the stigmatizing documents in the personnel file did not constitute publication. Id. at 1043. In reversing the district court's ruling, the Eleventh Circuit court held that "the presence of stigmatizing information placed into the public record by a state entity, pursuant to a state statute or otherwise, constitutes sufficient publication to implicate the liberty interest under the due process clause of the fourteenth amendment to the United States Constitution." *Id.* at 1046. The court expressly ruled that the employee's personnel file became public pursuant to Florida's public records law mandating disclosure. *Id.* at 1045. The court noted that "[b]ecause the information in the file may be reviewed years after it is filed, its publication, for due process

Exhibit A

purposes, must be held to occur at the time of filing." *Id.*

Significantly, the Court held the demand timely because the officer was never given notice of the right to a hearing. *Id.* at 1046.

Kindly provide the hearing as soon as practical.

Very truly yours,

jjf/s

*JohnJohn Ferris*
JohnJohn Ferris

## APPLICATIONS

To get started on your career with the Pembroke Pines Police Department, fill out our online application.

# $15,000 / $10,000 HIRING BONUS VALID THROUGH DECEMBER 31, 2025!

## The Pembroke Pines Police Department is HIRING!







$15,000 hiring bonus for any Florida Certified Officer / $10,000 for Non-Certified *
(Equivalency of Training programs available throughout the state)
Up to $5,000 relocation bonus, and housing assistance
(terms and conditions apply)
*hiring bonus valid through December 31, 2025

**STARTING SALARY *NO STATE INCOME TAX***
Certified with over 5 years' experience - $82,668.00
Certified with 3 to 5 years' experience - $79,074.00
Certified with 1 to 3 years' experience - $75,479.00
No law enforcement experience - $71,885.00

**SALARY RANGE**
Police Officer - $71,885 - $109,242

**RETIREMENT / PENSION**
✓ 20 Year Pension (60% Benefit), regardless of age
✓ 25 Year Pension (75% Benefit)
✓ 26.6 Year Pension (80% Benefit)
✓ 10 Years and Age 50 (30% Benefit)
✓ Purchase of up to 4 Years Pension Time of Previous Military, Law Enforcement, or Corrections Experience Towards Your Pension
✓ D.R.O.P. Up to 8 Years (Deferred Retirement Option Program)

**LONGEVITY PAY**
✓ 2% at 10 Years Continuous Service
✓ 4% at 15 Years Continuous Service (non-cumulative)
✓ 5% at 18 Years Continuous Service (non-cumulative)

**BENEFITS**
- 4 Day Work Week (10 Hr Days), includes 1/hr Paid Workout
- Weekends Off 6 Months a Year, Regardless of Seniority
- 12 Paid Holidays Per Year
- Take Home Vehicle (Full-Size Chevy Tahoe SUV)
- 96 Hours of Sick Leave a Year
- Paid Vacation Time:
  ○ **Years 1-4** - 96 Hours a Year
  ○ **Years 5-9** - 136 Hours a Year
  ○ **Years 10+** - 176 Hours a Year
- Tuition Reimbursement Program
- All Uniforms, Body Armor and Equipment Provided
- Reduced Cost Apartments Available

**ADDITIONAL COMPENSATION**
- 3% Midnight Shift Differential
- 2% Afternoon Shift Differential
- 3% Assignment Pay for Specialized Units
- Paid Court Time on Your Days/Time Off
- Standby Pay on Your Days/Time Off
- Uniform Allowance - $1,260 a year
- Up to $1,560 Annually for College or Florida Approved Salary Incentive Training Courses
- Off Duty Employment / Details Available

Visit www.ppinesjobs.com or call 954-431-2705 for more information.

Pembroke Pines is a vibrant community located in western Broward County. We are home to over 170,000 residents and are one of the top 15 largest cities in the State of Florida. The city's 28 parks and lush landscaping enhances the City's natural beauty and South Florida charm. Pembroke Pines is home to great schools and a diverse community, and is conveniently located close to Miami and Fort Lauderdale and within a 3.5 hour drive of Orlando/Disney World. Come join and progress with us in one of the most innovative police agencies in South Florida.



Follow us on Social Media

www.ppines.com

The Pembroke Pines Police Department is an Equal Employment Opportunity Provide and Employer.

# Become a Pembroke Pines Police Officer

Hi, how can I help?
The Pembroke Pines Police Department offers numerous opportunities for professional development and advancement opportunities for what is a challenging and rewarding career. Our team consists of:

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JohnJohn Ferris,

    Plaintiff,

vs.

                                            Case No: 5:25-cv-543-WWB-PRL

Billy Woods, in his Official
Capacity as Sheriff of Marion
County, Florida, and Monica Chisholm,
in her Official Capacity, as Human
Resources Director of the Sheriff's
Department of Marion County,

    Defendants.

## MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

JohnJohn Ferris

_(signature)_

Plaintiff Pro Se
600 SE 52nd Ave
Ocala, FL 34471-3322
(561) 558-5359
johnjohnferris88@gmail.com

1

## Introduction

Plaintiff submits this memorandum in support of his application for a default judgment.

## Analysis

A. <u>Default Admits Allegations of Complaint</u>

The effect of a default is to render all well-pleaded factual allegations of the complaint (except those relating to damages) admitted, and liability, if well-pleaded, is established by virtue of a default. See *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). To establish a deprivation of a liberty interest, a plaintiff must show: "(1) a false statement (2) of a stigmatizing nature (3) attending his discharge (4) made public (5) by his government employer (6) without a meaningful opportunity for employee name clearing." *Johnston v. Borders*, 724 F. App'x 762, 766 (11th Cir. 2018) (quoting *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1042–43 (11th Cir. 1989)).

Each of the elements are established by the default.

B. <u>Right to Name Clearing Hearing</u>

Plaintiff was a probationary employee. As a probationary employee, Plaintiff could be terminated for any reason or none at all. But when the termination is accompanied by accusations of misconduct and those accusations are publicly disclosed, the Constitution requires a name-clearing hearing.

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972), is a critical Supreme Court precedent in this field. In *Roth*, a professor's contract was not renewed, but because no stigmatizing reasons were given, the Court found no liberty interest. The Court explained, however, that if allegations such as dishonesty or immorality had been made, due process would require an opportunity to refute them. See also *Codd v. Velger*, 429 U.S. 624 (1977), which refers to "the hearing that is necessary when a nontenured employee has been stigmatized during the process of terminating their employment."

In *Buxton v. City of Plant City*, 871 F.2d 1037 (11th Cir.1989), the employee, a police officer, was investigated for an alleged assault that occurred during an arrest. *Id.* at 1038. The employee was terminated following an investigation, with the Notice of Termination and Internal Affairs Report placed in the employee's personnel file. *Id.* at 1038-39. Florida

3

law mandated release of the employee's personnel file upon request. *Id.* at 1039 n.2.

The employee filed a § 1983 action, with pendent state law claims. *Id.* at 1039. The district court granted summary judgment in favor of the employer on the basis that the availability of the stigmatizing documents in the personnel file did not constitute publication. *Id.* at 1043. In reversing the district court's ruling, the Eleventh Circuit held that "the presence of stigmatizing information placed into the public record by a state entity, pursuant to a state statute or otherwise, constitutes sufficient publication to implicate the liberty interest under the due process clause of the fourteenth amendment to the United States Constitution." *Id.* at 1046. The court expressly ruled that the employee's personnel file became public pursuant to Florida's public records law mandating disclosure. *Id.* at 1045. The court noted that "[b]ecause the information in the file may be reviewed years after it is filed, its publication, for due process purposes, must be held to occur at the time of filing." *Id.*

Significantly, the Court held the demand timely because the officer was never given notice of the right to a hearing. *Id.* at 1046.

Like *Buxton*, Plaintiff's personnel file contains accusations of insubordination, a stigmatizing label that Florida's public records law makes

4

publicly available. Under *Buxton*, the placement of this information into a public personnel file constitutes publication sufficient to trigger liberty interests under the Fourteenth Amendment.

As to the manner in which the hearing is to be conducted, "The principle that a public employee facing a due process hearing is entitled to an impartial decisionmaker is well accepted." *Johnson v. City of Wichita*, 687 F. Supp. 1501, 1510 (D. Kan. 1988) (citing *Hortonville Joint School Dist. No. 1 v. Hortonville Education Assn*, 426 U.S. 482 (1976)). "Name-clearing hearings were created to provide the accused with an opportunity to clear his name in front of an impartial tribunal." Chiaman Wang, Name-Clearing Hearings: How This "Remedy" Fails to Safeguard the Procedural Due Process Rights of Public Employees Accused of Sexual Harassment, 26 Ga. St. U. L. Rev. 1389, 1397 (2010) (citing, *inter alia, Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 633 (2d Cir. 1996)). "[I]n the context of an at-will government employee, a reasonably prompt, post-termination name-clearing hearing satisfies constitutional due process as long as the procedures afforded at such a hearing are sufficient to protect the employee's reputational and professional interests." *Segal v. City of New York*, 459 F.3d 207, 218 (2d Cir. 2006).

In *Segal*, the Second Circuit concluded that the following procedures available at the plaintiff's hearing were adequate to protect his reputational and professional interests: "the opportunity to present evidence, call witnesses, cross-examine witnesses, and make an oral presentation through ... counsel." 459 F.3d at 216.

C. <u>Damages</u>

In this context, plaintiff may recover compensatory damages, when it is shown that "the injuries plaintiff claims he suffered as a result of the deprivation of his liberty interest would not have occurred if [defendants] had provided plaintiff with a sufficient name-clearing hearing." *Patterson v. City of Utica*, 370 F.3d 322, 338 (2d Cir. 2004) followed in *Mogel v. Renfrow*, No. 07-20616-CIV, 2008 WL 11333236, at *3 (S.D. Fla. Feb. 26, 2008). "In the Tenth Circuit, a plaintiff may recover monetary damages if he or she is denied a name-clearing hearing or if the name-clearing hearing is inadequate." *Salazar v. City of Albuquerque*, No. CIV 10-0645 JB/ACT, 2014 WL 6065603, at *35 (D.N.M. Oct. 27, 2014) (citing *McGhee v. Draper*, 639 F.2d 639, 644 (10th Cir. 1981)).

Generally, the court may make this determination through an evidentiary hearing or proceeding. Fed.R.Civ.P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y.1988), aff'd, 873

6

F.2d 38 (2d Cir.1989). A court is not required to conduct a hearing if there is a basis for the damages specified in the default judgment. See Fed.R.Civ.P. 55(b)(2); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages.' " (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir.1993))); *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir.2009) ("Rule 55(b) commits this decision to the sound discretion of the district court.").

Because Plaintiff's injuries—including loss of employment opportunities and legal expenses—flow directly from Defendants' failure to provide a constitutionally required hearing, Plaintiff is entitled to compensatory damages, including at least one year's salary and benefits, consistent with comparable case law.

Dated: September 29, 2025          JohnJohn Ferris

                                   _____
                                   Plaintiff Pro Se
                                   600 SE 52nd Ave
                                   Ocala, FL 34471-3322
                                   (561) 558-5359
                                   johnjohnferris88@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JohnJohn Ferris,

    Plaintiff,

vs.

                                      Case No: 5:25-cv-543-WWB-PRL

Billy Woods, in his Official
Capacity as Sheriff of Marion
County, Florida, and Monica Chisholm,
in her Official Capacity, as Human
Resources Director of the Sheriff's
Department of Marion County,

    Defendants.

**PROPOSED ORDER ON DEFAULT JUDGMENT**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 seeking judgment (a) directing the defendants to afford plaintiff a name-clearing hearing; (b) compensatory damages in an amount to be determined at trial, with appropriate interest; (c) Attorneys' fees and costs incurred in bringing this action; and (d) any other relief the Court deems just and proper.

Defendants were properly and timely served by personal service at the Marion County Sheriff's Department. Their default has been noted on the docket by the Clerk.

Upon the complaint and declaration of the plaintiff, it is

ORDERED and ADJUDGED that the defendants afford the plaintiff a name clearing hearing before an impartial decisionmaker with procedures sufficient to protect the plaintiff's reputational and professional interests, within 30 days of the entry of judgment on this order; and it is further

ORDERED and ADJUDGED that plaintiff recover the sum of _____, together with costs and disbursements as taxed by the Clerk; and it is further

ORDERED and ADJUDGED that the Clerk enter judgment accordingly.

_____, U.S.D.J.