UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN FERRIS

    Plaintiff,

v.                                     Case No: 5:25-CV-543-WWB-PRL

SHERIFF BILLY WOODS, et al.,

    Defendants.

## ORDER

On August 28, 2025, Plaintiff John Ferris filed his Complaint against Sheriff Billy Woods, in his official capacity as Sheriff of Marion County, Florida and Monica Chisholm, in her official capacity as Human Resources Director of the Sheriff's Department of Marion County, Florida. (Doc. 1). That same day, Defendants were served with copies of the summonses, and thus, their responsive pleadings were due by September 18, 2025. (Docs. 4, 5). Neither Defendant appeared and the Clerk entered default on September 25, 2025. (Doc. 11). Plaintiff then filed a motion for default judgment. (Doc. 12). On October 2, 2025, the Court issued an Order requiring Defendants to show cause why the motion for default judgment should not be granted. (Doc. 13). The Court directed the Clerk to serve the Order via certified mail on the Sheriff's General Counsel.

Defendants timely filed a response in which they concede that they were properly served but that due to a processing oversight, they failed to timely plead or otherwise respond to the Complaint. They now ask the Court to set aside the default entered by the Clerk. Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause. . ." The good cause standard under Rule 55(c) is a liberal standard

and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990). And "[e]ven where there is uncertainty as to whether 'good cause' exists, courts generally set aside the default so that the case may be decided on its merits." *Radio Sys. Corp. v. E.A. Distribution, Inc.,* No. 8:17-cv-1477-T-36AAS, 2018 WL 2017726, at *1 (M.D. Fla. May 1, 2008).

Defendants have filed two affidavits in support of their request to set aside the entry of default. First, Marissa Duquette, General Counsel to Sheriff Woods, avers that on August 28, 2025, the Marion County Sheriff's Office was served with the Complaint in this action, in addition to summonses for the Sheriff and Ms. Chisholm. (Doc. 18-1 at ¶4). That same day, Ms. Duquette's office notified Daniel Bruno (a Claims Attorney) at the Florida Sheriffs Risk Management Fund that they had been served. (Doc. 18-1 at ¶5). On October 8, 2025, Ms. Duquette received a copy of the Court's October 2, 2025, Order advising of the entry of default, and she promptly contacted Mr. Bruno. (Doc. 18-1 at ¶¶6-7). Mr. Bruno avers that while he was notified of the instant lawsuit on August 28, 2025, due to an oversight it was not processed by the Fund at that time, and thus legal representation was not retained for Defendants. (Doc. 18-2 at ¶¶5-11). However, upon learning of the inadvertent processing error on October 8, 2025, Mr. Bruno contacted the law firm of Allen Norton & Blue, P.A. ("ANB") that same day and requested that ANB represent the Sheriff and Ms. Chisholm in this litigation. (Doc. 18-2 at ¶¶ 13-14). On October 9, 2025, counsel from ANB filed a notice of appearance on behalf of Defendants (Doc. 14) and then filed the timely response to the Court's Order. (Doc. 18).

Under these circumstances and given the Court's preference to resolve cases on the merits, Defendants have shown the requisite good cause to set aside the default. Indeed, Defendants timely moved to set aside the default, there is no suggestion of willfulness in the delay in serving the responsive pleading, and Defendants have identified meritorious defenses.

Accordingly, Defendants' motion to set aside the clerk's entry of default (Doc. 18) is **granted.** The Clerk's default entered against Billy Woods and Monica Chisholm on September 25, 2025 (Doc. 11) is hereby **set aside**. Based on this ruling, Plaintiff's motion for default judgment (Doc. 12) is due to be **denied.** Within **ten (10) days** of this Order, Defendants shall serve and file their response to Plaintiff's Complaint (Doc. 1).

**DONE** and **ORDERED** in Ocala, Florida on October 23, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties